FILED
2007 Aug-14 PM 04:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| PAUL WILLIAMSON, SR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 06-P-1418-M |
| | ) |
| MYRTIS MOSS, | ) |
| | ) |
|     Defendant. | ) |

MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION

This matter is before the undersigned magistrate judge pursuant to LR 72.1(b)(4), rule 72(b), *Federal Rules of Civil Procedure* and 28 U.S.C. § 636(b).

On April 17, 2007, defendant Captain Myrtle Moss filed a Motion to Dismiss or, Alternatively, Motion for More Definite Statement. (Doc. #26). The Motion for More Definite Statement was granted. (Doc. # 27). On May 9, 2007, Williamson filed what he titled a Motion for More Definite Statement in which he sought discovery of the names of the nurses employed at the St. Clair County Jail between June 20, 2006 and June 27, 2006. The discovery was denied without prejudice to his right to renew at a later date. The court also stated "To the extent that this motion should be construed as a response to defendant Moss's Motion for More Definite Statement, it is ORDERED that plaintiff file a response stating the nature of his medical condition which required medication, the medication prescribed, what, if any injury he suffered as a result of the actions involving the medication, and whether plaintiff advised Ms. Moss of the actions of the nurses." (Doc. #29). The court has considered not only the complaint filed on March 21, 2007 but also both Williamson's Motion for More Definite Statement and his Response for More Definite Statement in determining the sufficiency of his Response for More Definite Statement.

On June 29, 2007, defendant filed a second Motion to Dismiss based on the March 23, 2007 Amended Complaint.  "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998). See also, *Skillern v. Georgia Dept. of Corrections*, 191 Fed.Appx. 847, 852, 2006 WL 1843561, 4 (11th Cir. 2006).  This leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (internal citations and quotations omitted.)

Although Williamson did not state the jurisdictional basis for his complaint, the court has construed the complaint to assert a due process claim under the Fourteenth Amendment based on the denial of medical treatment while incarcerated for civil contempt.  Claims involving treatment of pretrial detainees are governed by the Fourteenth Amendment Due Process Clause; however, the minimum standard allowed by the Due Process Clause is the same as the Eighth Amendment's standard for convicted persons. *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir.1985), *cert. denied,* 475 U.S. 1096 (1986); *Bozeman v. Orum*, 422 F.3d 1265, 1271 (11th Cir. 2005).   See also, *Graham v. Connor*, 490 U.S. 386, 396 n. 10 (1989).

Accepting Williamson's allegations as true, he has stated a claim for deliberate indifference by asserting that during his incarceration from June 20, 2006 until June 27, 2006, he suffered from diabetes, high blood pressure, arthritis and gout and was deprived of his prescription medication for arthritis and gout.  He stated that he "also suffered from the way they administered my Blood Pressure and Diabetes medication (dissolved in a cup)." (Doc. #30, p. 2).  While he indicated that he had a prescription for anti-psychotic medication, he does not mention whether he was denied this medicine.

On March 23, 2007, Williamson also filed a motion to amend to add the St. Clair County Sheriff's Department and Sheriff Terry Surles as defendants based on "the way I was treated in the St. Clair County Jail for the seven (7) days I was incarcerated at the St. Clair County Jail." (doc. # 19, p, 5; doc. 21).  That motion is DENIED.

The St. Clair County Sheriff's Department is not a legal entity and, therefore, is not subject to suit or liability under § 1983 because the county sheriff's department lacks the capacity to be sued under Alabama law.  *Dean v. Barber,* 951 F.2d 1210, 1214-1215 (11th Cir. 1992), *citing*, *White v. Birch*, 582 So.2d 1085, 1087 (Ala.1991).  Alabama sheriffs, deputy sheriffs, and jails are entitled to Eleventh Amendment immunity when sued in their official capacity.  *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419 (11th Cir. 1997).  Surles and Moss are, therefore, both entitled to Eleventh Amendment immunity to the extent that they are sued in their official capacity.

Supervisory officials are not liable under § 1983 for the unconstitutional actions of their subordinates on the basis of *respondeat superior* or vicarious liability. See *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Hardin v. Hayes*, 957 F.2d 845, 849-50 (11th Cir. 1992).  Supervisory officials "[can]not be held liable under section 1983 for having the 'mere right to control without any control or direction having been exercised.'" *Gilmere v. Atlanta, Ga.*, 774 F.2d 1495, 1504 (11th Cir.1985), *cert. denied*, 476 U.S. 1115 (1986) (quoting *Monell*, 436 U.S. at 694 n. 58).  A supervisor may be liable under § 1983 for direct participation in the alleged constitutional violation or for actions causally connected to a constitutional violation.  *Hartley, supra; Hardin, supra*.  There are no allegations that either Moss or Surles acted directly or that either took any actions that are causally connected to the alleged denial of medication.  While plaintiff alleges that he asked nurses and security guards, whom he did not identify,

3

to "tell Captain Myrtle Moss that I needed to speak with her about my suffering/pain, my medicine, and the extremely cold temperature in my cell," there is no allegation that Ms. Moss was actually informed that he was denied his medicine. In fact, he has acknowledged that there was no reply to his requests. (Doc. #30).[1] In the absence of direct action or causal connection, neither Surles nor Moss can be held liable in an individual capacity for the alleged deprivation of medication.[2]

---

[1] Any claim against Terry Surles based on conduct which occurred in 1986 is barred by the statute of limitations. In the complaint filed on 3/23/07 (doc. #21), Williamson filed a copy of a 1986 State of Alabama Ethics Commission complaint in which he complained that in August of 1986 Surles and Sheriff Lewis Brown, who was the Sheriff of St. Clair County at that time, removed a lug wrench from his car, planted listening and tracking devices in two cars owned by him. Along with the complaint, he also submitted a 1981 Initial Psychiatric Evaluation and a 1982 letter, both signed by Dr. Rita Lum, indicating that plaintiff had a paranoid personality disorder.

In *Owens v. Okure*, 488 U.S. 235 (1989), the Supreme Court held that the general or residual statute of limitations governing a personal injury action was the proper statute of limitations to be applied to § 1983 actions. The court reasoned:
> In marked contrast to the multiplicity of state intentional tort statute of limitations, every state has one general or residual statute of limitations governing personal injury actions....[T]he very idea of a general or residual statute suggests that each State would have no more than one. Potential Section 1983 plaintiffs and defendants therefore can readily ascertain, with little risk of confusion or unpredictability, the applicable limitations period in advance of filing a Section 1983 action.

488 U.S. at 245.

The general or residual statute of limitations in Alabama is two (2) years. *See Ala. Code* § 6-2-38(*l*)(1988 Supp); *Jones v. Preuit & Mauldin,* 876 F.2d 1480 (11th Cir. 1989) and *Foster v. Board of School Com'rs of Mobile County, Ala*, 872 F.2d 1563, 1567, n. 4 (11th Cir. 1989). Williamson complains of acts which occurred almost 20 years before this action was filed on July 21, 2006. Since more than two years passed between the date of the acts complained of and the filing of this action, any claims against defendant Surles based on the events of August 1986 would be barred by the statute of limitations. Where, as here, the allegations in a complaint show, on their face, that an affirmative defense bars recovery, the complaint is subject to dismissal for failure to state a claim. *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990) and *Marsh v. Butler County, Ala.*, 268 F.3d 1014 (11th Cir. 2001).

[2] Finally, the court notes that plaintiff was incarcerated for only one week, from June 20-27, 2006. He received his medicine for high blood pressure and diabetes but complains that it was dissolved in water rather than being provided to him in pill form. Plaintiff alleges he was denied his pain medication for arthritis and gout during his brief incarceration.

Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness. *Harris v. Thigpen*, 941 F.2d

4

For the reasons stated above, the magistrate judge RECOMMENDS that the Motion to Dismiss (doc. #32) be GRANTED.  The previous Motion to Dismiss (doc. #26) is MOOT.

The parties are referred to Rule 72(b), Federal Rules of Civil Procedure.

As to the foregoing it is SO ORDERED this the 14th day of August, 2007.

*[signature: Paul W. Greene]*

PAUL W. GREENE
CHIEF MAGISTRATE JUDGE

---

1495 (11th Cir. 1991).  The conduct of prison officials must run counter to evolving standards of decency or involve the unnecessary and wanton infliction of pain to be actionable under § 1983. *Estelle v. Gamble*, 429 U.S. 97 (1976). In the context of prison medical care, it is only deliberate indifference to serious medical needs that violates the Eighth Amendment's prohibition against cruel and unusual punishment.  *Id*., 429 U.S at 106.  A serious medical need is "one that, if left unattended, 'pos[es] a substantial risk of serious harm.'" *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000), *cert. denied,* 531 U.S. 1077 (2001), *quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  When an inmate has received some medical attention or care and the dispute involves the adequacy of the care, federal courts are reluctant to second guess medical judgments and find an Eighth Amendment violation.  *Harris,* 941 F.2d at 1507.  See also, *Bozeman v. Orum,* 422 F.3d 1265, 1273 (11th Cir. 2005), *quoting, Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir.1994)("The tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay.")